# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-00365-MR

| | |
|---|---|
| QUINTEL D. ANDERSON, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| HENDERSON COUNTY, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. After significant delay in receiving Plaintiff's proper prisoner trust account statement, the Clerk recently granted Plaintiff in forma pauperis status. [Docs. 12, 16; see Docs. 4, 8, 13].

## I.   BACKGROUND

Pro se Plaintiff Quintel D. Anderson ("Plaintiff") is currently incarcerated at Piedmont Correctional Institution in Salisbury, North Carolina. He filed this action on December 30, 2021, purportedly pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, against Defendant Henderson County in its "Official capacity." [Doc. 1 at 2]. Plaintiff purports to assert

claims for civil rights violations, negligence, failure to protect, and racial and systemic injustice. It appears that the alleged conduct occurred while he was detained at the Henderson County Detention Center in Hendersonville, North Carolina, and/or during arrests by law enforcement officials presumably employed by the Henderson County Sheriff's Office. [Id. at 3-4].

Plaintiff's claims appear to involve many different incidents spanning from July 7, 2007 to October 29, 2021. [See Doc. 1 at 5, 12-15]. Plaintiff alleges that Defendant denied his right to report a crime, withheld Plaintiff's mail from his kids, failed to read Plaintiff his rights during the over 50 times he has been arrested since 2007, fed Plaintiff banana cake before his court date knowing that he is highly allergic to bananas, and perpetrated racial and systemic injustices against Plaintiff in his role of homeless advocate. [Id.].

Plaintiff alleges physical injuries occurring due to his consuming banana, as well as delay in his criminal proceeding. Plaintiff also alleges that he missed his twin boys' birthday and that he is losing custody of his three children. For relief, Plaintiff seeks $52 million in damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

2

relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988).

---

[1] Plaintiff also purports to state a claim under Bivens. Bivens, however, provides no relief to Plaintiff here. A Bivens action is a judicially created damages remedy designed to

3

Plaintiff's Complaint fails initial review for several reasons.

Plaintiff has failed to state a claim for relief against the sole Defendant, Henderson County, in the first instance. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Plaintiff has failed to allege that the alleged acts were taken in furtherance of a municipal policy or custom.

---

vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. Plaintiff's allegations implicate only state actors. The Court, therefore, will dismiss Plaintiff's Complaint to the extent he seeks to bring it under Bivens.

4

Case 1:21-cv-00365-MR   Document 17   Filed 05/11/22   Page 4 of 7

Thus, Plaintiff has failed to state a claim for relief against Defendant Henderson County and the Court will dismiss this Defendant.

Even if Plaintiff had named the proper individual Defendants in this matter, a plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Thus, Plaintiff's unrelated claims here could not be litigated in the same action in any event and the Court would not blindly select which related set of facts and Defendants Plaintiff might want to pursue. Plaintiff's Complaint would, therefore, also be subject to dismissal on this ground. The Court, however,

5

Case 1:21-cv-00365-MR   Document 17   Filed 05/11/22   Page 5 of 7

will allow Plaintiff to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted.

Finally, it appears that some claims Plaintiff may have had under § 1983 have likely expired.  See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period). Plaintiff's alleges that the events giving rise to his Complaint occurred as far back as 2007, when Plaintiff was first arrested.  Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts borrow the state limitations periods for comparable conduct.  See id.  Plaintiff is, therefore, advised that if he chooses to amend his Complaint, he should only bring related claims against related Defendants that are not barred by any limitations period.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Finally, piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant Henderson County is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), are hereby **DISMISSED** in accordance with this Order.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge