UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00365-MR

| QUINTEL D. ANDERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| HENDERSON COUNTY, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on its own motion on the return of mail sent by the Clerk to Plaintiff as undeliverable. [Doc. 18].

Pro se Plaintiff Quintel D. Anderson ("Plaintiff") filed this action on December 30, 2021, pursuant to 42 U.S.C. § 1983, against Defendant. [Doc. 1]. On initial review, the Court found that Plaintiff failed to state a claim for relief and allowed Plaintiff 30 days, or until June 10, 2022, to file an Amended Complaint. [Doc. 17]. The Clerk promptly mailed Plaintiff a copy of this Order and a blank § 1983 Amended Complaint form to the address listed on the docket in this matter at Piedmont Correctional Institution is Salisbury, North Carolina. [5/11/2022 Docket Entry]. These documents were returned as undeliverable and the envelope marked "No Longer At This Institution Released 5-6-22." [Doc. 18 at 1]. The NCDPS Offender Search Website

confirms that Plaintiff was released from custody on May 6, 2022. Plaintiff, however, has not notified the Court of any change of address.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that, should Plaintiff notify the Court of his new address and receive the initial review Order [Doc. 8], Plaintiff's deadline to file an amended complaint in this matter remains set for June 10, 2022.

**IT IS SO ORDERED**.

Signed: May 20, 2022

Martin Reidinger
Chief United States District Judge