UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00365-MR

| QUINTEL D. ANDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| THE TOWNSHIP OF HENDERSONVILLE, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 24] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis.[1] [Docs. 4, 9].

**I.    BACKGROUND**

Pro se Plaintiff Quintel D. Anderson ("Plaintiff") is currently detained at the Henderson County Detention Center in Hendersonville, North Carolina. He filed this action on December 30, 2021, purportedly pursuant to Bivens v.

---

[1] The Clerk allowed this action to proceed without prepayment of the filing fee while Plaintiff was incarcerated at the Piedmont Correctional Institution in Salisbury, North Carolina. [Doc. 16]. Plaintiff was subsequently released from custody there, but he has since been detained at the Henderson County Detention Center in Hendersonville, North Carolina. Plaintiff filed an Amended Application to Proceed in Forma Pauperis with his Amended Complaint, which the Court need not address.

Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, against Defendant Henderson County in its "Official capacity." [Doc. 1 at 2]. Plaintiff sought to assert claims for civil rights violations, negligence, failure to protect, and racial and systemic injustice. Plaintiff's claims involved many different incidents spanning from July 7, 2007 to October 29, 2021 and arose while he was detained at the Henderson County Detention Center in Hendersonville, North Carolina, and/or during arrests by law enforcement officials presumably employed by the Henderson County Sheriff's Office. [See Doc. 1 at 3-5, 12-15]. Plaintiff alleged that Defendant denied his right to report a crime, withheld Plaintiff's mail from his children, failed to read Plaintiff his rights during the over 50 times he has been arrested since 2007, fed Plaintiff banana cake before his court date knowing that he is highly allergic to bananas, and perpetrated racial and systemic injustices against Plaintiff in his role of homeless advocate. [Id.].

Plaintiff's original Complaint failed initial review because he failed to state any claim for relief against a proper Defendant, because he asserted multiple unrelated claims in a single action, and because at least some of his claims appeared barred by the statute of limitations. [Doc. 17 at 4-6]. The Court allowed to amend his Complaint to properly state a claim for relief. Plaintiff was advised that, "[a] plaintiff may only bring a claim against multiple

defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact." [Doc. 17 at 5 (citing Fed. R. Civ. P. 20(a)(2))]. Moreover, the Court admonished Plaintiff that "if he chooses to amend his Complaint, he should only bring related claims against related Defendants that are not barred by any limitations period." [Id. at 6].

In his Amended Complaint, which he brings pursuant to 42 U.S.C. § 1983, Plaintiff raises essentially the same claims asserted in his original Complaint. [Doc. 24]. That is, Plaintiff again complains about having been fed banana cake despite his banana allergy, that he is being denied his right to report a crime, that he was not read his rights during his many arrests since 2012, and that he has been long been the victim of racial and systemic injustice for his role as a homeless advocate. Plaintiff also now complains that a January 16, 2021 mental health inquiry was not kept confidential, that he has not timely received his mail, that his parole officer is treating him unfairly due to a conflict of interest, that he is being denied the freedom to study his religion. [See id.]. Plaintiff names the following "The Township of Hendersonville,"[2] the Henderson County Detention Center, the

---

[2] The proper name for this entity is the City of Hendersonville and the Court will refer to it as such.

Hendersonville City Police Department, and the Adult Probation and Parole Department as Defendants. [Id. at 1, 3].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Amended Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint

4

Case 1:21-cv-00365-MR   Document 26   Filed 06/27/22   Page 4 of 8

must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's Amended Complaint also fails initial review. Contrary to the Court's express instructions, Plaintiff again brings multiple unrelated claims in a single action. As Plaintiff was previously told, the Court cannot blindly select which related set of facts Plaintiff might want to pursue. The Court, therefore, will dismiss this action. Plaintiff's Complaint is also subject to dismissal in any event because he has not named proper Defendants in this matter. Defendants Henderson County Detention Center and the Adult

5

Case 1:21-cv-00365-MR Document 26 Filed 06/27/22 Page 5 of 8

Probation and Parole Department are not proper Defendants. A correctional institution is not a "person" subject to suit under § 1983, Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989), and the Adult Probation and Parole Department is not an entity subject to suit in any respect. Thus, these Defendants would be dismissed in any event.

Plaintiff has also failed to state a claim for relief against the City of Hendersonville or the Hendersonville Police Department. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). Here, Plaintiff makes no allegations that any municipal policy was the moving force behind any

alleged conduct, only vague and conclusory claims of "racial and systemic injustice" and that "[H]endersonville really dislikes the homeless community." [Doc. 24 at 9, 15]. Thus, Plaintiff has failed to state a claim for relief against the City of Hendersonville in any event. Finally, a police department is not a municipal entity subject to Monell liability under North Carolina law. See Smith v. Munday, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. Of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); Wright v. Town of Zebulon, 202 N.C. App. 540, 688 S.E.2d 786, 789 (2010)). Plaintiff, therefore, has also failed to state a claim against the Hendersonville Police Department.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise failed to state a claim for relief against a proper Defendant, the Court will dismiss this action. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and has failed to follow direct instructions by the Court. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

7

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 24] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: June 27, 2022

Martin Reidinger
Chief United States District Judge